IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

GN HEARING CARE CORPORATION,

    Plaintiff,

v.

                                CIVIL NO.: WDQ-12-3181

ADVANCED HEARING CENTERS, INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

GN Hearing Care Corporation ("GN Hearing") sued Advanced Hearing Centers, Inc. ("AHC") for breach of contract and other claims. Pending is GN Hearing's motion to strike defenses in AHC's answer to the complaint. For the following reasons, the motion will be granted in part and denied in part.

Federal Rule of Civil Procedure 12(f) permits a district court to "strike from a pleading an insufficient defense." Neither the Fourth Circuit nor the U.S. Supreme Court has addressed whether the pleading standards stated in *Twombly*[1] and *Iqbal*[2] apply to affirmative defenses, and district courts in this Circuit are divided on the issue.[3] Rule 12(f) motions are

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Compare Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279

1

generally disfavored because "striking a portion of a pleading is a drastic remedy [that] is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted); *Haley Paint Co.*, 279 F.R.D. at 337 (exercising discretion not to strike defenses because "[p]laintiffs have articulated no prejudice that would result from a denial of their motion").

AHC's answer to the complaint listed one "negative defense" (capacity to sue) and 10 affirmative defenses[4]. ECF No. 7 at 2-3. The answer also stated, without explanation, that the complaint failed to state a claim (¶ 1), the relevant contracts were not supported by consideration and were subsequently modified (¶¶ 10, 18), and GN Hearing committed breach (¶ 18). GN Hearing moves to strike the above defenses on the basis that they lack "any factual support," in violation of "the federal pleading requirements." ECF No. 11-1 at 1. AHC "does not oppose"

---

F.R.D. 331, 335-336 (D. Md. 2012) (standard applies), *and Aguilar v. City Lights of China Restaurant, Inc.*, No. DKC-11-2416, 2011 WL 5118325, at *4 (D. Md. Oct. 24, 2011) (same), *with Amason v. PK Mgmt., LLC*, No. 3:10-1752-MJP-JRM, 2011 WL 1100211, at *8 (D.S.C. Mar. 1, 2011) (standard does not apply), *and Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10cv1218, 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011) (same).

[4] Accord and satisfaction; collateral estoppel; estoppel; release; res judicata; statute of limitations; lack of consideration; laches; "the payment by the Defendant of all amounts owed"; and waiver. ECF No. 7 at 3.

striking the defense of failure to state a claim and the affirmative defenses of collateral estoppel, release, and res judicata, and "hereby withdraws those defenses." ECF No. 12 ¶ 1. AHC argues that the remaining defenses "comply with Rule 8 and the plausibility standard." Id. ¶ 2.[5]

GN Hearing's argument is undercut by the language of the applicable Rules of Civil Procedure. Specifically, whereas Rule 8(a)(2) requires "claims for relief" to contain a short and plain statement showing that the pleader is entitled to relief, Rule 8(b)(1)(A)--governing responses to pleadings--requires only that a responding party "state in short and plain terms its defenses to each claim asserted against it."[6] Moreover, even assuming that the *Twombly/Iqbal* standard governs defenses, GN Hearing can acquire--and likely already has acquired--the necessary facts through discovery, which has been ongoing since November 2012. *See* ECF No. 8 (Scheduling Order).[7]

---

[5] AHC alternatively seeks leave to amend its answer. ECF No. 12 at 1, 5.

[6] *See also Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (per curiam) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." (internal quotation marks omitted)).

[7] *See also generally Sprint Nextel Corp. v. Simple Cell, Inc.*, No. CCB-13-0617, 2013 WL 3776933, at *9 (D. Md. July 17, 2013) (denying motion to strike because "[t]o the extent that any of the allegedly defective defenses that have been pled . . . have no basis, there will be nothing for [the plaintiff] to discover

Accordingly, it is, this 14th day of August, 2013, ORDERED that:

1. The Plaintiff's motion to strike defenses (ECF No. 11) BE, and HEREBY IS, GRANTED IN PART and DENIED IN PART:

   a. The motion is GRANTED as to the defense of failure to state a claim, and affirmative defenses 2, 4, and 5 (collateral estoppel, release, and res judicata). The foregoing defenses ARE STRICKEN from the answer.

   b. The motion is DENIED as to all other defenses; and

2. The Clerk of the Court shall send copies of this Memorandum Opinion and Order to counsel for the parties.

 _____
 William D. Quarles, Jr.
 United States District Judge

---

or litigate. If the defendants can adduce evidence supporting these defenses, and fully articulate them, granting the motion to strike and permitting the defendants time to amend their answer to more thoroughly explain the basis of each defense . . . will only delay the inevitable litigation of the merits."); *Lopez*, 2011 WL 98573, at *2 (there is "no serious risk of ambush" from a lack of factual detail supporting affirmative defenses).